UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| ROBERT C. LISK, INDIVIDUALLY, )<br>AND ON BEHALF OF A CLASS OF )<br>SIMILARLY SITUATED PERSONS, )<br>  )<br>Plaintiff, )<br>  )<br>v. )<br>  )<br>LUMBER ONE WOOD PRESERVING, LLC, )<br>  )<br>Defendant. ) | Civil Action No. _____ |

**INDIVIDUAL AND CLASS ACTION COMPLAINT AND
DEMAND FOR JURY TRIAL**

PLAINTIFF, Robert C. Lisk, files this Individual and Class Action Complaint against Defendant Lumber One Wood Preserving, LLC ("Lumber One") and alleges the following:

**I. INTRODUCTION**

1.      Lumber One manufactured, sold, and distributed defective lumber and knowingly misrepresented it as "treated lumber" that met particular standards when it did not. Plaintiff brings this action individually, and on behalf of a Class of similarly situated persons, for compensatory and statutory damages as a result of Lumber One's breach of its express warranties, and violation of Alabama's Deceptive Trade Practices Act.

**II. THE PARTIES**

2.      Plaintiff, Robert C. Lisk, is a resident of the State of Tennessee and is over the age of nineteen (19) years. Plaintiff owns a property in Nashville, Davidson County, Tennessee. Plaintiff purchased Lumber One's defective Micronized Copper Azole ("MCA") preservative-treated lumber for the construction of a fence at his personal residence.

3.      Defendant, Lumber One Wood Preserving, LLC ("Lumber One"), is an Alabama corporation, and conducts business throughout the Southeastern United States with a principal business address at 201 South Court Street, Florence, Lauderdale County, Alabama 35630.

Lumber One's registered agent is Timothy K. Corley, 600 SunTrust Bank Building, Florence, Alabama 35630. Lumber One is in the business of manufacturing and supplying Micronized Copper Azole ("MCA") preservative-treated, pressure-treated lumber.

### III. JURISDICTION AND VENUE

4. This court has original jurisdiction over this civil action under the Class Action Fairness Act of 2005. The amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and there is minimal diversity because named Plaintiff and certain Members of the Class are citizens of a different state than Defendant, as required by 28 USC §1332(d)(2).

5. Venue is proper in this judicial district because Defendant conducts substantial business in this district, has a principal place of business located in this district, and the unlawful conduct alleged herein occurred in the district.

### IV. STATEMENT OF FACTS

6. On or about July 23, 2010, Plaintiff entered into a contract with Clean Cut Fence Company for the purchase and installation of a fence at his personal residence for $3,248.16. The contract required 300 feet of MCA "treated" lumber and stated that "[a]ll fencing materials shall be warranted only through their respective manufacturers."

7. If properly treated, Micronized Copper Azole pressure-treated lumber will prevent rot, fungal decay, and termite attack from occurring for fifteen to thirty years from installation.

8. On July 29, 2010, Clean Cut Fence purchased the lumber from Capitol Wholesale Fence Company ("Capitol Wholesale") in Nashville, Tennessee.

9. Defendant Lumber One Wood Preserving, LLC ("Lumber One") manufactured, allegedly treated, and distributed the MCA pressure-treated lumber ("treated lumber") purchased by Clean Cut Fence for Plaintiff's residence.

10. That same week, Clean Cut Fence installed the fence along side of Plaintiff's personal property using Lumber One's defectively treated lumber.

11. Lumber One represented to Capitol Wholesale, and other distributors and wholesale purchasers, that its treated lumber was pressure treated using Micronized Copper Azole ("MCA") technology licensed by Osmose, Inc.

12. Lumber One represented to Clean Cut Fence, and other resellers, that its treated lumber was pressure treated using MCA technology licensed by Osmose, Inc.

13. Lumber One represented to Plaintiff and other consumers that its treated lumber was pressure treated using MCA technology licensed by Osmose, Inc.

14. At the time Plaintiff and Class Members purchased Lumber One's defective lumber, Lumber One's website, advertising, and product labeling represented that its treated lumber was pressure treated using MCA technology licensed by Osmose, Inc.

15. According to Osmose, Inc., MCA pressure treatment technology protects treated lumber from rotting, termites, and fungal decay, is approved for aluminum contact, and designed for installation with exterior ground contact and fresh water immersion.

16. According to Osmose, Inc., lumber treated with its MCA pressure treatment technology is approved for end-consumer uses that include fence posts, docks, decking, joists, beams, sills, building poles, and permanent wood foundations.

17. According to Osmose, Inc., lumber treated with its MCA pressure treatment technology is designed to be free from rot, fungal decay, and termite attack for at a minimum of fifteen to thirty years from installation.

18. In late winter or early spring of 2013, Plaintiff hired an electrician to run electricity down the fence line.

19. The electrician inspected the fence line and noticed that the fence posts, constructed with Lumber One's allegedly treated lumber, were rotten and failing, less than three years after the installation of his fence.

20. Plaintiff contacted Clean Cut Fence, and Clean Cut Fence made the same determination. Clean Cut Fence informed Plaintiff that the only way to repair the fence would be to tear it down and replace the fence at the same cost.

21. Clean Cut Fence informed Plaintiff that Capitol Wholesale, and other companies in the industry, had many other customers with similar experiences of prematurely rotten lumber that Lumber One manufactured and distributed, but Lumber One refused to pay and/or take responsibility for its defective lumber.

22. Lumber One knew or should have known that its defectively pressure treated lumber was defective based on numerous customer and consumer complaints of premature rotting and through its own quality control.

23. Lumber One defectively manufactured and treated, if at all, the "treated lumber" it distributed to Plaintiff and numerous other Class Members across the United States.

24. Lumber One represented that the lumber had characteristics, uses, benefits, or qualities that it did not have—namely that it was Micronized Copper Azole pressure-treated lumber which should prevent rot, fungal decay, and termite attack for at least fifteen to thirty years.

25. Lumber One represented that the lumber was of a particular standard, quality, or grade when it was not—namely that it was Micronized Copper Azole pressure-treated lumber which should prevent rot, fungal decay, and termite attack for at least fifteen to thirty years.

26. Lumber One knew that its representations regarding its MCA pressure-treated lumber were false.

27. Lumber One consciously, knowingly, intentionally, and willfully sold lumber and represented it as "MCA pressure-treated lumber," despite its knowledge and awareness that the lumber was not that standard, quality, or grade.

28. The Lumber One's defectively treated lumber used to build Plaintiff's fence, and Class Members' fences, and other structures across the United States, rotted and failed prematurely, costing Plaintiff and each Class Member thousands of dollars to repair.

29. On July 1, 2013, Plaintiff gave notice by certified mail to Lumber One that Plaintiff and Members of the Class were damaged by their purchase of Lumber One's defective

lumber, which did not perform as warranted, and that Plaintiff and the Class intended to pursue this class action under Alabama's Deceptive Trade Practices Act. Lumber One did not respond.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Alabama Deceptive Trade Practices Act
### (Code of Ala. §§ 8-19-1, *et seq.*)

30. Plaintiff individually, and for the Class, incorporates by reference all preceding paragraphs as though fully set forth herein.

31. Lumber One's manufacture, sale, and distribution of defective lumber, and Plaintiff's and Class Members' purchase of the lumber, was a sale or distribution of goods to a consumer within the meaning of the Alabama Deceptive Trade Practices Act.

32. Plaintiff and Class Members purchased Lumber One's defective and misrepresented goods for personal, family, or household use.

33. Lumber One knowingly committed the following unlawful and deceptive acts or practices in the conduct of trade or commerce:

    a. Represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities that they do not have–*e.g.* MCA pressure-treated lumber licensed by Osmose, Inc.;

    b. Represented that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another–*e.g.* MCA pressure-treated lumber licensed by Osmose, Inc.; and,

    c. Engaged in any other unconscionable, false, misleading, or deceptive act or practice in the conduct of trade or commerce–*i.e.* that the lumber was properly and adequately treated.

34. By performing these unlawful acts, Lumber One caused monetary damage to Plaintiff and a Class of similarly situated persons.

Plaintiff individually, and on behalf the Class, requests the following relief:

  a. Any actual damages sustained by Plaintiff and Class Members, or the sum of $100, whichever is greater;

  b. Three times actual damages;

  c. Appropriate injunctive relief;

  d. Attorneys' fees and costs; and,

  e. Such other and further relief as the court deems proper.

## SECOND CAUSE OF ACTION
### Breach of Express Warranty

35. Plaintiff individually, and for the Class, incorporates by reference all preceding paragraphs as though fully set forth herein.

36. Lumber One sold goods that did not conform to its description of the goods as "Osmose MCA" pressure-treated lumber. Lumber One's warranty was created in Alabama and under Alabama law.

37. Lumber One's statements regarding the quality of its treated lumber, and the lumber's alleged specification as MCA pressure-treated lumber, were an affirmation of fact and a promise to Capitol Wholesale Fence Company, and to other purchasers, distributors, resellers, and end users such as Plaintiff Lisk and Class Members, that the lumber conformed to those represented standards.

38. Lumber One's representations to Capitol Wholesale Fence Company and other wholesale purchasers of its products regarding the quality of its treated lumber were an express warranty for the benefit of end users, including Plaintiff Lisk and Class Members.

39. Lumber One intended to protect future customers of Capitol Wholesale Fence Company, other wholesalers, and subsequent purchasers, including end users like Plaintiff and Class Members, when it warranted the quality of its products to Capitol Wholesale Fence Company, other wholesalers, and subsequent purchasers and end users like Plaintiff and Class Members.

40. When Lumber One contracted with Capitol Wholesale Fence Company and other wholesalers and resellers for the sale of its treated lumber, the contracting parties intended at the time of the creation of the contracts to bestow a direct benefit upon consumers and end users, including Plaintiff Lisk and Class Members.

41. Plaintiff and Class Members were intended beneficiaries of the contract between Lumber One and Capitol Wholesale or other wholesalers and resellers.

42. Lumber One's express representation that its products were of a particular standard, *e.g.* MCA pressure-treated lumber licensed by Osmose, Inc., is an express warranty to end users.

43. Plaintiff and Class Members were the beneficiaries of Lumber One's publicly stated express warranty regarding the quality of its lumber, and Lumber One reasonably expected that such end users would consume or be affected by the goods.

44. Lumber One breached its express warranties by its sale and distribution of lumber that was not "true to type" with representations that its lumber was MCA pressure-treated lumber licensed by Osmose when it was not.

45. By performing these acts, Lumber One breached its express warranties with Plaintiff and the Class.

Plaintiff individually, and on behalf of the, requests the following relief:

    a. Compensatory, economic, or monetary damages, including any and all consequential, proximate, and incidental damages sustained as a result of Defendant's breach of warranty;

    b. Appropriate injunctive relief;

    c. Attorneys' fees and costs of suit; and,

    d. Such other and further relief as the court deems proper.

## VI. CLASS ALLEGATIONS

46. Plaintiff individually, and for the Class, incorporates by reference all preceding paragraphs as though fully set forth herein.

47. Plaintiff brings this case individually, and as a class action, pursuant to Fed. R. Civ. P. 23, on behalf of all persons who have incurred economic, monetary, or statutory damages as a result of Defendant's sale and distribution of defective lumber that was falsely represented as "treated" lumber.

48. Plaintiff seeks to represent the following Class:

> **All persons residing in the United States who purchased Lumber One's defectively "treated" lumber.**
>
> Excluded from the Classes are the following:
>
> i. Any and all federal, state, or local governments, including but not limited to their department, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions;
>
> ii. Individuals, if any, who timely opt out of this proceeding using the correct protocol for opting out;
>
> iii. Current or former employees of Lumber One;
>
> iv. Individuals, if any, who have previously settled or compromised claims(s); and
>
> v. Any currently sitting federal judge and/or person within the third degree of consanguinity to any federal judge.

49. Plaintiff seeks to recover damages on a Class-wide basis for himself and the Class under Alabama's breach-of-warranty law and Alabama's Deceptive Trade Practices Act.

50. Lumber One violated the rights of each Member of the Class in the same fashion based upon Defendant's uniform actions, including but not limited to the defective treatment, if any, of Lumber One's "treated lumber" products.

51. Plaintiff may properly maintain this action as a class action for the following reasons:

52. **Numerosity:** Members of the Class are so numerous that individual joinder is impracticable. The proposed Class contains hundreds if not thousands of Members. The Class is therefore sufficiently numerous to make joinder impracticable, if not impossible.

53. **Common Questions of Fact and Law Exist:** Common questions of fact and law exist as to all Members of the Class, including whether Defendant manufactured, sold, and delivered lumber consistent with its representations and express warranties.

54. **Typicality:** Plaintiff's claims are typical of the claims of the Class. Lumber One's breach of its warranties and violations of the Deceptive Trade Practices Act affected and harmed Plaintiff and all Class Members alike. Furthermore, Plaintiff and all Members of the Class sustained monetary and economic injuries arising out of Defendant's unlawful conduct. Plaintiff is advancing the same claims and legal theories on behalf of himself and all absent Class Members.

55. **Adequacy:** Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class–all seek redress for the same unlawful conduct. Plaintiff retained Counsel competent and highly experienced in complex class action litigation, and he intends to prosecute this action vigorously. The interests of the Class will be fairly and adequately protected by Plaintiff and his Counsel. Plaintiff's claims, like those of the Class, are antagonistic to Defendant.

56. **Predominance:** Common questions of fact and law predominate over any questions affecting individual Class Members.

57. **Superiority:** A class action is superior to other available means of fair and efficient adjudication. The injury suffered by each individual Class Member is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for all Members of the Class to effectively redress the wrongs done to them on an individual basis. Therefore, a class action is the only reasonable means by which Plaintiff and the Class may pursue their claims. Moreover, even if the Members of the Class could afford such individual litigation, the

court system could not. Individualized litigation increases the delay and expense to all parties, and to the court system, by the complex legal and factual issues of this case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## VII.  **PRAYER FOR RELIEF**

Plaintiff individually, and on behalf of the Class, seeks the following relief:

A. For an order certifying a National Class, and appointing Plaintiff and his Counsel to represent the Class;

B. For an order awarding Plaintiff and the Class all lawful damages, including compensatory, consequential, statutory, and treble damages, as to the appropriate causes of action;

C. For an order enjoining Defendant from continuing to engage in business acts and practices which are unlawful, unfair, deceptive, or contrary to its agreements and warranties, as alleged herein;

D. For an order awarding Plaintiff and the Class pre-judgment and post-judgment interest, as well as reasonable attorneys' fees and expert-witness fees and other costs as may be applicable; and,

E. For an order awarding such other and further relief as this Court may deem just and proper.

## VIII.  **JURY DEMAND**

Plaintiff demands a trial of all claims by a struck jury.

Respectfully submitted,

*/s/ Ryan Lutz*
F. Jerome Tapley
Ryan Lutz
CORY WATSON CROWDER & DEGARIS, P.C.
2131 Magnolia Avenue

Birmingham, Alabama 35205
Email: jtapley@cwcd.com
rlutz@cwcd.com
Phone: (204) 328-2200
Facsimile: (205) 324-7896

*Attorneys for Plaintiff and the Class*